UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:21-CV-00004-HBB

**TOMMY B. MILLS**                                                                                    **PLAINTIFF**

**VS.**

**KILOLO KIJAKAZI, ACTING COMMISSIONER**
**SOCIAL SECURITY ADMINISTRATION**[1]                           **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Tommy B. Mills ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 18) and Defendant (DN 23) have filed a Fact and Law Summary. For the reasons that follow, the Court concludes that the Commissioner's findings are supported by substantial evidence and comport with applicable law. As such, the final decision of the Commissioner is **AFFIRMED**.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 16). By Order entered July 19, 2021 (DN 17), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

---

1 Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted as the defendant in this suit.

FINDINGS OF FACT

On July 31, 2018, Plaintiff protectively filed an application for Supplemental Security Income (Tr. 15, 175-80). Plaintiff alleged that he became disabled on May 1, 2017, as a result of the following: right and left shoulder pain; ruptured disc in back; bone spurs in back; arthritis; high blood pressure; allergies; dizziness; syncope; depression; and paresthesia of bilateral legs (Tr. 15, 64, 80, 219). His claim was denied initially on January 9, 2019, and upon reconsideration on June 2, 2019 (Tr. 15, 62, 77).[2] On July 9, 2019, Plaintiff filed a written request for hearing (Tr. 15, 111).

On February 13, 2020, Administrative Law Judge Neil Morholt ("ALJ") conducted a video hearing from Louisville, Kentucky (Tr. 15, 31, 33). Plaintiff and his counsel, Charles R. Burchett, participated from Bowling Green, Kentucky (Id.). Brenda E. Dumas, an impartial vocational expert, testified during the hearing (Id.).

In a decision dated April 2, 2020, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 15-25). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since July 31, 2018, the application date (Tr. 17). At the second step, the ALJ determined that Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine; degenerative joint disease of the shoulders (status-post right rotator cuff repair surgery); and osteoarthritis of the knees and feet (Id.). The ALJ determined that although Plaintiff's urinary tract infection, hypertension, history of seizures, obesity, depressive disorder, and personality disorder are

---

2 The Disability Determination and Transmittal documents issued at the initial and reconsideration stages are respectively dated January 9, 2019 (Tr. 62) and June 2, 2019 (Tr. 77). As the ALJ's decision inaccurately indicates Plaintiff's claim was denied initially on January 11, 2019, and upon reconsideration on June 3, 2019 (Tr. 15), the Court has utilized the dates set forth in the Disability Determination and Transmittal documents.

medically determinable impairments, they are "non-severe" because the evidence fails to demonstrate they cause more than minimal limitations (Tr. 17-19). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 19).

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b) with the following additional postural, manipulative, and environmental limitations: he can frequently climb ramps and stairs, and can occasionally stoop, kneel, crouch, and crawl; he can never climb ladder, ropes, and scaffolds; he can occasionally reach overhead bilaterally; he can frequently reach in all other directions bilaterally; he can occasionally push/pull with the bilateral upper and lower extremities; he can occasionally use foot controls. he can frequently use hand controls; he can frequently be exposed to extreme cold, vibration, unprotected heights, and moving mechanical parts (Id.). The ALJ considered Plaintiff's RFC, past work experience, and testimony of the vocational expert, and concluded that Plaintiff is capable of performing his past relevant work as a welder (Tr. 23).

Additionally, the ALJ considered Plaintiff's RFC, age, education, past work experience, and testimony from the vocational expert to make alternative step five findings (Tr. 23-24). The ALJ found that Plaintiff is capable of making a successful adjustment to other work that exist in significant numbers in the national economy (Id.). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from July 31, 2018, through the date of the decision (Tr. 24).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 170). The Appeals Council denied Plaintiff's request for review (Tr. 1-3).

CONCLUSIONS OF LAW

Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the ALJ's decision and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Supplemental Security Income to persons with disabilities. 42 U.S.C. § 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. § 1382c(a)(3)(A) (Title XVI); 20 C.F.R. § 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. See "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the RFC to return to his or her past relevant work?

5) Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fourth step.

Finding No. 4

1. Arguments of the Parties

Plaintiff challenges a specific finding—limiting him to "occasionally" reaching overhead bilaterally and "frequently" reaching in all other directions bilaterally—in the ALJ's RFC determination (DN 18 PageID # 693-700). Plaintiff argues the finding is not supported by substantial evidence because (1) no medical opinion in the record discussed limitations on Plaintiff's ability to reach; (2) examination in a clinical setting showed Plaintiff's ability to reach was limited equally in all directions; (3) 20 C.F.R. § 416.913(a) makes very clear that Plaintiff's allegations—which the ALJ "primarily" relied on to support this finding—is not proper "evidence" to support the RFC conclusion; and (4) while the ALJ also mentioned "post-DDS treatment" as evidence supporting this finding, he failed to specify what portions of the medical treatment justified the finding to allow a meaningful review as required by 20 C.F.R. § 416.927(f)(2) (Id.) (citing Tr. 22-23, 587, 592, 595).[3] As the vocational expert relied on this RFC finding in expressing the vocational opinions that had an impact upon the outcome of the claim, Plaintiff asserts the matter should be remanded for further consideration of the evidence and a proper explanation as required by regulation (Id.) (citing Tr. 57-58).

Defendant acknowledges Plaintiff's assertion that the ALJ departed from the prior administrative medical findings of the non-examining state agency physician by including limitations for reaching in the RFC determination, without explaining the basis for his finding

---

3 Plaintiff posits that appropriate "evidence" to support the RFC finding must come from "(1) Objective medical evidence; (2) Medical opinion; (3) Other medical evidence; (4) Evidence from non-medical sources; and (5) Prior administrative medical findings" (DN 18 PageID # 697-98) (citing 20 C.F.R. § 416.913(a)). As the ALJ indicated the limitations on reaching overhead and in other directions are "primarily" based on Plaintiff's allegations, Plaintiff reasons the finding is not properly supported by "evidence" as defined by the regulations (Id.) (citing Tr. 23).

(DN 23 PageID # 715). Defendant responds by asserting that the ALJ made no error in determining Plaintiff's RFC and the ALJ adequately explained why he assessed the additional limitations on Plaintiff's ability to reach (Id. at PageID # 720-29). Defendant also points out that despite Plaintiff's criticism of the RFC determination, Plaintiff fails to realize that his own testimony—which is categorized as "evidence from nonmedical sources" under 20 C.F.R. § 416.913(a)(4)—supports the ALJ's decision to place greater restrictions on overhead reaching than reaching in other directions (Id.) (citing Tr. 44). Further, Plaintiff has not identified any opinions, prior administrative medical findings, or treatment records from his own providers that imposed limitations on his reaching (Id.). Additionally, Plaintiff waived his claim that the ALJ interpreted raw medical data because Plaintiff has not identified what evidence he thinks the ALJ was not qualified to interpret (Id.). Defendant suggests that if the ALJ failed to explain the basis for the reaching limitations, it was harmless because it was more favorable to Plaintiff (Id.) (citing Taylor v. Berryhill, No. 3:17-CV-433-CHL, 2019 WL 1261124, at *4 (W.D. Ky. Mar. 19, 2019) ("When the ALJ's rejection of a medical opinion benefits the claimant's case, it does not constitute error.")).

    2. Applicable Law

The RFC determination is an administrative law judge's ultimate determination of what a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. §§ 416.945(a) 416.946(c). An administrative law judge makes this finding based on a consideration of medical source statements and all other evidence in the case record. 20 C.F.R. §§ 416.929, 416.945(a)(3), 416.946(c). Thus, in making the RFC determination an administrative law judge must necessarily evaluate the persuasiveness of the medical source statements in the record and assess the claimant's

subjective allegations. 20 C.F.R. §§ 404.1520c, 404.1529(a). The new regulations for evaluating medical opinions are applicable to Plaintiff's case because he filed his application after March 27, 2017. *See* 20 C.F.R. § 416.920c.

Under the new regulations, administrative law judges evaluate the "persuasiveness" of medical opinions and prior administrative medical findings by utilizing the five factors listed in paragraphs (c)(1) through (c)(5) of the regulation. 20 C.F.R. § 416.920c(a) and (b). The five factors are supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. § 416.920c(c)(1)-(5). Of these five factors, the two most important are supportability and consistency. 20 C.F.R. § 416.920c(a) and (b)(2). The regulations require administrative law judges to explain how they considered the supportability and consistency factors in determining the persuasiveness of the medical source's opinion. 20 C.F.R. § 416.920c(b)(2). Under the regulations administrative law judges "may, but are not required to, explain how" they considered the three other factors in determining the persuasiveness of the medical source's opinion. 20 C.F.R. § 416.920c(b)(2).

3. Discussion

The Court will discuss the relevant portions of the ALJ's decision and then respond to each of Plaintiff's challenges. In making the RFC determination, the ALJ considered Plaintiff's testimony about rotator cuff tears in both shoulders, the limited benefit he received from the 2017 rotator cuff repair surgery to his right shoulder, his inability to lift his arms overhead without pain, and the pain he experiences with reaching to the front and sides (Tr. 20). The ALJ provided a thorough summary of the medical and non-medical evidence concerning Plaintiff's right and left rotator cuff tears (Tr. 21-22). More specifically, the ALJ discussed the May 2017 repair surgery;

what the November 2019 x-ray of Plaintiff's left shoulder revealed; results of clinical examinations conducted from August 2018 through January 2020; the level and type of Plaintiff's daily activities; the type, dosage, effectiveness, and side effects of prescribed medication; the conservative treatment modalities Plaintiff received such as a shoulder sling, injections, and physical therapy; and the lack of more severe treatment modalities such as surgery (Tr. 21-22). Additionally, the ALJ provides the reader with citations to specific exhibits where the evidence is in the record (Id.). The ALJ also explained why Plaintiff's reported symptoms were not entirely consistent with the medical and non-evidence in the record (Tr. 20-22).

Next, the ALJ discussed the off-work statements from the treating orthopedist (Tr. 22). The ALJ did not find these medical opinions persuasive due to the lack of a function-by-function assessment of Plaintiff's abilities and their being temporary in nature (Id.). The finding is supported by substantial evidence and comports with applicable law.

The ALJ then discussed the medical opinion from Dr. Knoll, a consultative examiner (Id.). Although a passive range of motion examination of Plaintiff's shoulders revealed no limitation, Dr. Knoll imposed a lifting limitation of ten pounds due to Plaintiff's shoulder surgery and Plaintiff's complaints of significant pain in his shoulders during the passive range of motion examination (Tr. 540). The ALJ did not find Dr. Knoll's opinion persuasive because "it is not supported by the evidence relied upon in making the opinion and it is inconsistent with the other medical evidence of record, which shows only mildly to moderately impaired diagnostic and clinical examinations, wholly conservative treatment, and [Plaintiff's] reported activities of daily living" (Tr. 22). The above findings are supported by substantial evidence in the record and comport with the regulations which require the ALJ to explain how he considered the

supportability and consistency factors in determining the persuasiveness of the medical source's opinion. 20 C.F.R. § 416.920c(b)(2).

The ALJ also discussed the prior administrative medical findings of the two non-examining state agency medical consultants, Drs. Goo and Shafer, which limited Plaintiff to a range of light work with certain postural limitations (Id.). While the ALJ found both opinions "generally persuasive," he indicated that Dr. Shafer's opinion was more persuasive than Dr. Goo's opinion (Tr. 22-23). The ALJ explained that their opinions are supported by the objective medical evidence relied upon in making their opinions (Tr. 23). In the discussion that followed, the ALJ acknowledged subsequently received evidence which included Plaintiff's shoulder impairments (Id.). Specifically, the ALJ commented:

> [The opinions] are also generally consistent with the other evidence in the record, which notes improvement in claimant's right shoulder symptoms after surgery, and conservative treatment primarily through means of pain medication administration. However, the undersigned further finds that the evidence supports that the claimant is more limited as set out in the residual functional capacity assessed herein, in that claimant's impairments reasonably result in restrictions related to reaching overhead and in other directions, pushing/pulling, and use of hand and foot controls due primarily to the claimant's allegations of neuropathy in his arms and legs, as well as, post-DDS, treatment for the claimant's left shoulder rotator cuff tear.

(Id.). The above findings are supported by substantial evidence in the record and comport with the regulations which require the ALJ to explain how he considered the supportability and consistency factors in determining the persuasiveness of the medical source's opinion. 20 C.F.R. § 416.920c(b)(2).

Plaintiff's disputes whether the ALJ relied on proper "evidence" to find Plaintiff is limited to "occasionally" reaching overhead bilaterally and "frequently" reaching in all other directions

bilaterally. The regulations define "evidence" as "anything you or anyone else submits to us or that we obtain that relates to your claim." 20 C.F.R. § 416.913(a). The regulations indicate, "We evaluate evidence we receive according to the rules pertaining to the relevant category of evidence." Id. The categories of evidence are: (1) Objective medical evidence; (2) Medical opinion; (3) Other medical evidence; (4) Evidence from nonmedical sources; and (5) Prior administrative medical finding. Id.

The parties agree, and the ALJ acknowledged, there is no medical opinion—from the treating orthopedist or the consultative examiner Dr. Knoll—or prior administrative medical finding—from Drs. Goo or Shafer—in the record expressing limitations on Plaintiff's ability to reach as a result of his bilateral shoulder conditions. Thus, only three categories of evidence remain: (1) Objective medical evidence; (3) Other medical evidence; and (4) Evidence from nonmedical sources.

As indicated in the above block quotation, the ALJ primarily relied on Plaintiff's allegations and medical records concerning treatment—for the left shoulder rotator cuff tear—received after Drs. Goo and Shafer issued their opinions (Tr. 23). Plaintiff's testimony during the hearing about the pain and other limitations imposed by his bilateral shoulder conditions (Tr. 44) is categorized as "evidence from nonmedical sources" under 20 C.F.R. § 416.913(a)(4).[4] Plaintiff's testimony indicated his ability to reach overhead was more limited than his ability to reach in other directions (Id.). Medical evidence the Agency received after Drs. Goo and Shafer rendered their opinions, on January 2, and May 29, 2019, respectively, is categorized as "other medical evidence" because it involves clinical finding, diagnosis, and treatment prescribed with

---

4 Evidence from nonmedical sources is defined as "any information or statement(s) from a non-medical source (including you) about any issue in your claim." 20 C.F.R. § 416.913(a)(4).

11

response. 20 C.F.R. § 416.913(a)(3). Thus, contrary to Plaintiff's claim, the ALJ's imposition of the more restrictive "occasionally" limitation on overhead reaching and the less restrictive "frequently" limitation on reaching all other directions is supported by proper "evidence" under the regulations and the findings are not arbitrary.

Next, Plaintiff asserts that clinical findings on examination concerning left shoulder strength and internal rotation range for both shoulders demonstrate his ability to reach was limited equally in all directions (Tr. 587, 592, 595). But Plaintiff's assertion is undermined by the very providers who recorded these clinical findings because they did not express any reaching limitations in their treatment notes, nor did they advise Plaintiff to limit his reaching. Further, the decision indicates that the ALJ made findings concerning limitations on Plaintiff's ability to reach after the ALJ considered the medical evidence in Exhibits 18F and 19F (where the clinical findings Plaintiff cites are located), other medical evidence in the record, and Plaintiff's own testimony (Tr. 21-23, 587, 592, 595).

Relatedly, Plaintiff alleges the ALJ failed to comply with 20 C.F.R. § 416.927(f)(2) because he did not specify what portions of the subsequently received medical records justified the reaching limitations. But the regulations clearly indicate § 416.927 does not apply to Plaintiff's case because he filed his claim after March 27, 2017. *See* 20 C.F.R. §§ 416.920c, 416.927. Notwithstanding, if the ALJ's discussion of the subsequently received evidence is read in conjunction with the ALJ's comments in the above block quotation, there is sufficient information to allow a meaningful review of why the ALJ found that Plaintiff is limited to "occasionally" reaching overhead bilaterally and "frequently" reaching in all other directions bilaterally. Further, Plaintiff fails to appreciate that the ALJ gave Plaintiff the benefit of the doubt

by including these additional postural limitations which are favorable to Plaintiff. In sum, Plaintiff is not entitled to relief because each of his challenges to the RFC are unavailing.

Inasmuch as the above challenges are unsuccessful, the vocational expert's testimony is based on a hypothetical question that accurately portrays Plaintiff's impairments. *See* Varley v. Sec'y of Health & Human Servs., 820 F.2d 777, 779 (6th Cir. 1987) (A vocational expert's testimony must be based on a hypothetical question which accurately portrays the claimant's physical and mental impairments.). Thus, substantial evidence supports the ALJ's step four finding that Plaintiff is capable of performing his past relevant work as a welder (Tr. 23).

## Conclusion

As the Court noted previously, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion." Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004). Regardless of how this Court may view the evidence, it is not this Court's place to re-try or re-evaluate the findings of the ALJ. 42 U.S.C. § 405(g). Rather, this Court is only to find if substantial evidence exists to support the ALJ's decision and if the ALJ followed the applicable law. (Id.). After reviewing the record, the Court concludes that the ALJ's determination is supported by substantial evidence in the record and correctly followed the applicable law. Therefore, Plaintiff is not entitled to relief regarding his challenge.

## ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

July 12, 2022

H. Brent Brennenstuhl
United States Magistrate Judge

Copies:     Counsel